DONALD GROVER JOHANSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johansen v. Commissioner
Docket No. 13165-79.
United States Tax Court
T.C. Memo 1980-150; 1980 Tax Ct. Memo LEXIS 434; 40 T.C.M. (CCH) 278; T.C.M. (RIA) 80150; April 30, 1980, Filed *434 Donald Grover Johansen, pro se. Donald W. Hicks and Francis J. Elwood, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent has filed a motion for judgment on the pleadings in this case which involves a determined deficiency in the amount of $1,405 for 1976. In the notice of deficiency respondent determined that petitioner had omitted from his 1976 Federal income tax return interest income in the amount of $3,123. The interest was determined to have been received from two designated sources. Petitioner implicitly admits in his petition that he received the additional interest income, alleging: I disagree that the $3,123 payment to me represents true gain or benefit received by me in the form of real income. Instead this amount should be decreased by the loss of purchasing power of the principal from which the interest was generated. Based on a principal amount of $47,400 and a 1976 CPI increase of 5.8% (U.S. Dept. of Labor) I have computed the real income as: $3,123 - ($47,400 X 0.058) = $374. This amount is the gainful income received insofar as additional goods or services may be purchased. This amount is the *435 only amount subject to taxation according to Amendment 14 of the U.S. Constitution. A tax on any greater amount violates Amendment 5 protection against seizure of private property for public use. Obviously there is no legal merit in petitioner's position as set forth in these allegations. The extent of a taxpayer's income tax liability is not keyed to the Consumer Price Index, and the failure of the Congress to make that connection does not violate petitioner's constitutional rights. See, e.g., Gajewski v. Commissioner,67 T.C. 181, 193 (1976), affd. per order (8th Cir. May 2, 1978). Respondent's motion for judgment on the pleadings will be granted. To reflect the foregoing, An appropriate order and decision will be entered.